[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1411

JOSEPH F. DESMOND,

Plaintiff, Appellant,

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

John F. Desmond on brief pro se.
Jonathan P. Feltner, First Assistant General Counsel-Trials,
and Edward P. Harrington, Assistant General Counsel, MBTA Law
Department, on brief for appellees Massachusetts Bay Transportation
Authority, Patrick J. Moynihan, General Manager, James Clark,
Robert Powers, Bob Norton, Kevin Shorter and J. Floyd.

OCTOBER 23, 1998

Per Curiam. The complaint was dismissed as a
sanction for (1) plaintiff's failure to attend his deposition
twice, despite proper notice and a court order warning of
sanctions in the event of a second failure, and (2) plaintiff's
failure to appear or attend a pretrial conference by telephone,
despite the grant of his request to attend the conference by
telephone. 
Having carefully reviewed the judgment below in light
of the entire record and the parties' arguments on appeal, we
find no abuse of discretion in the dismissal. Since the
complaint was properly dismissed for abuses constituting a
failure to prosecute, plaintiff's challenges to the district
court's interlocutory orders are not properly before us. 
John's Insulation, Inc. v. L. Addison & Assocs., Inc., --- F.3d
---, 1998 WL 568602 *5-*8 (1st Cir. Sept. 11, 1998). In any
event, there was no prejudicial error in the court's careful
interlocutory rulings on each of plaintiff's largely
incomprehensible motions.
Plaintiff's appellate motions, (1) "To Quash All
Warrants, Release Copies Thereof and Award Damages in the
Amount of 5.5 Million Dollars Based on Judicial Fraud . . . ,"
and (2) "That All Documents Being Witheld, and or Edited Be
Released In Full . . . ," seemingly attempt to insinuate new
facts and issues which are beyond the scope of this appeal. 
The judgment is affirmed and all motions are denied.